FILED

2009 JAN 21  PM 12: 12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1   Richard Cellar, Esq. [pro hac vice applicant]
        rceller@forthepeople.com
2   **MORGAN & MORGAN**
    7450 Griffin Road, Suite 230
3   Davie, FL  33314
    (866) 344-9243 Fax:  (954) 333-3515
4
    Jason P. Fowler, Esq. (SBN: 239426)
5       jfowler@rrexparris.com
    Alexander R. Wheeler, Esq. (SBN: 239541)
6       awheeler@rrexparris.com
    **R. REX PARRIS LAW FIRM**
7   42220 10th Street West, Suite 109
    Lancaster, California 93534
8   Telephone: (661)  949-2595 / Fax: (661) 949-7524

9   Attorneys for Plaintiffs

10

11                **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13   CORY REA and ANTHONY RIOS,        )   Case No.
                                       )   **CV09-0456   GHK   (JCx)**
14              Plaintiffs,            )
                                       )   **COMPLAINT FOR:**
15        vs.                          )
                                       )   **(1) Failure to Pay Overtime in Violation**
16   PERLEY CABLE CONSTRUCTION OF      )       **of the Federal Law;**
     CALIFORNIA,    INC.,    a    California )   **(2) Failure to Pay Overtime in Violation**
17   Corporation,    JAMES    PERLEY,  )       **of California Law;**
     individually,  and  defendant  DOES  1 )   **(3) Failure to Reimburse Business**
18   through 10, inclusive,            )       **Expenses in Violation of California**
                                       )       **Law;**
19              Defendant.             )   **(4) Failure to Pay Wages for Meal and**
                                       )       **Rest Breaks in Violation of**
20                                     )       **California *Labor Code* and**
                                       )       **California Wage Orders;**
21                                     )   **(5) Failure to Provide Reporting-Time**
                                       )       **Pay/"Show-Up Pay" as Required by**
22                                     )       **California Law;**
                                       )   **(6) Failure to Pay Compensation at**
23                                     )       **Time of Termination and/or**
                                       )       **Resignation in Violation of**
24                                     )       **California *Labor Code* §§201-203;**
                                       )   **(7) Failure to Provide Accurate Wage**
25                                     )       **Statements in Violation of California**
                                       )       ***Labor Code*; and**
26                                     )   **(8) Unfair Business Practices in**
                                       )       **Violation of California *Business and***
27                                     )       ***Professions Code* § 17200 *et seq.***
                                       )
28                                     )   **DEMAND FOR JURY TRIAL**

                            - 1 -

                          COMPLAINT

COPY

Plaintiffs, CORY REA and ANTHONY RIOS, ("Plaintiffs"), were and are is an employee of Defendants, PERLEY CABLE CONSTRUCTION OF CALIFORNIA, INC., and JAMES PERLEY ("PCC" or "Defendants"), and bring this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and California Wage law. Plaintiffs were non-exempt production paid laborers and performed related activities for Defendants in, among others, Los Angeles County, California. The other Plaintiffs that will join this lawsuit performed activities for Defendants throughout the State of California.

## GENERAL ALLEGATIONS

1.    Defendant, PCC is a California Corporation that operates and conducts business in, among others, Los Angeles County, California and is therefore, within the jurisdiction of this Court.

2.    This action is brought under the FLSA and California State law to recover from Defendants overtime compensation, declaratory relief, liquidated damages, state law penalties and damages, reasonable attorneys' fees and costs, and all other relief permitted by the foregoing statutes. This action is intended to include each and every non-exempt production paid laborer who worked for the Defendants at any time within the applicable statutes of limitation.

3.    This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because such claims are so related to the federal claims that they form part of the same case or controversy between Plaintiffs and Defendants.

4.    At all material times relevant to this action, Defendant PCC was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s) and a

- 1 -

1  covered employer under California Wage law.  Additionally, at all times relevant,

2  Plaintiffs were individually engaged in commerce or the production of goods for

3  commerce for coverage purposes only.

4      5.    At all times relevant to this action, JAMES PERLEY was an individual

5  resident of the State of Illinois, who owned and operated PCC, and who regularly

6  exercised the authority to: (a) hire and fire employees of PCC; (b) determine the work

7  schedules for the employees of PCC; and (c) control the finances and operations of

8  PCC.  By virtue of having regularly exercised that authority on behalf of PCC, JAMES

9  PERLEY, is an employer as defined by 29 U.S.C. 201 et. seq. and California State law.

10      6.    Each Defendant directly or indirectly acted in the interest of an employer

11  toward Plaintiffs at all material times, including without limitation, directly or indirectly

12  controlling the terms of employment of Plaintiffs.  Alternately, Defendants are joint

13  employers of Plaintiffs non-exempt workers in that each Defendant acts in the interest of

14  the other in relation to Plaintiffs.  As a further alternative, Defendants are joint

15  employers in that they are not completely disassociated with respect to the terms of

16  compensation and employment of Plaintiffs.

17      7.    Upon information and belief, the records, to the extent any exist,

18  concerning the number of hours worked and amounts paid to Plaintiffs are in the

19  possession and custody of Defendants.

20      8.    Plaintiffs do not know the true names or capacities of Defendants sued

21  herein as Does 1 through 10, inclusive, and will amend their Complaint to name the

22  same as soon as ascertained.

23      9.    Plaintiffs are informed and believe, and on that basis allege, that each of

24  the fictitiously-named Defendants were in some manner legally responsible for the

25  unlawful actions, unlawful policies, and unlawful practices, including the refusal to pay

26  overtime as required by California law complained of herein.  Plaintiffs will amend their

27  Complaint to set forth the true names and capacities of said Defendants, along with the

28  appropriate charging allegations when the same have been ascertained.

- 2 -

10.    On the basis of information and belief, it is alleged that each of the Defendants herein was the agent of others and the agent of PCC Defendants.  Each such Defendant was acting in the scope of his or her agency at all relevant times.  Each Defendant's act complained of herein was authorized or ratified by the other Defendants, including PCC Defendants or duly-authorized representatives or managing agents of PCC Defendants, in the course and scope of the agency for the benefit of themselves, each other, and the benefit of PCC Defendants.

## VENUE AND JURISDICTION

11.    At all times relevant, PCC was and is a business corporation with its principal place of business located at 42601 8th Street West, Suite 101, Lancaster, County of Los Angeles, California 93534.

12.    Plaintiffs were at all relevant times alleged herein, residents of Los Angeles County, and performed the work and services referenced herein in Los Angeles County, and suffered the damages complained of herein within the geographical jurisdiction of this Court.

13.    Each and every Defendant named was, at all times relevant hereto, a person, corporation or other business entity existing and operating within the confines of the State of California, and thus subject to the jurisdiction of the California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the California market for labor of the kind provided by each Plaintiff, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the State of California.

14.    Defendants maintain offices, operate businesses, employ persons, conduct business in, and pay employees by illegal payroll practices and policies in the County of Los Angeles.

/ / / /

/ / / /

/ / / /

- 3 -

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15. This action is for unpaid overtime compensation under federal and state law, for, among other things, unpaid overtime, meal and rest breaks violations, failure to provide reporting-time pay, failure to reimburse business expenses, failure to properly submit itemized wage statements, and failure to pay all compensation owed at the time of termination.

16. Plaintiffs seek compensatory damages under federal and state law, liquidated damages, restitution, as well as other statutory and civil penalties owed to other plaintiffs who were employed by Defendants PCC and PERLEY, under the FLSA, 29 U.S.C. § 21.6(b), California Labor Code § 201-203, 226, 226.7, 510, 512, 1194, and 2802(a), Industrial Welfare Commission ("IWC") Wage Order No. 4-2001, and California Business & Professions Code § 17200, et seq.

17. Plaintiffs were and are employed by Defendants as individuals who performed non-exempt manual labor and cable installations on Defendants' behalf.

18. Defendants paid Plaintiffs at a piece rate that was calculated based on "units" or items installed, as more specifically alleged below.

19. At all times relevant to this action, Defendants required Plaintiffs to work substantially in excess of forty (40) hours per week without paying them full and proper overtime compensation as required by the FLSA, 29 U.S.C. § 207, and Labor Code §§. 510 and 1194.

20. At all times relevant to this action, Defendants required Plaintiffs to work substantially in excess of eight (8) hours per day without paying them proper overtime compensation as required by Labor Code § 510. In addition to violating Labor Code § 510, this constitutes an unlawful and unfair business practice under Business & Professions Code § 17200, et seq.

21. At all times relevant to this action, Defendants denied Plaintiffs meal and rest breaks as required under Labor Code § 226.7and 512, and IWC Wage Orders No. 4-2001. Plaintiffs are accordingly entitled to an additional hour of pay at their regular rate

- 4 -

1 | for each day they were not afforded a lawful meal and rest period. This policy and
2 | practice also constitutes an unlawful and unfair business practice under Business &
3 | Professions Code § 17200, et seq.

4 |     22.    At all times relevant to this action, Defendants knowingly and
5 | intentionally failed to furnish to Plaintiffs proper itemized wage statements showing all
6 | of the information required by Labor Code § 226(a), including, but not limited to, the
7 | following: (1) the total hours actually worked by the individual; (2) the number of
8 | "piece-rate" or non- discretionary bonus units earned and the applicable; and (3) all true
9 | regular and overtime rates in effect during the pay period and the corresponding correct
10 | number of hours worked at the applicable rate per individual. Thus, Plaintiffs are
11 | entitled to recover the greater of all actual damages or the statutory penalties as set forth
12 | under Labor Code § 226(e). This policy and practice also constitutes an unlawful and
13 | unfair business practice under Business & Professions Code § 17200, et seq.

14 |     23.    At all times relevant to this action, Defendants knowingly and
15 | intentionally failed to reimburse Plaintiffs for all business expenses that they incurred
16 | that were necessary to the performance of their job duties.  Defendants knew that
17 | Plaintiffs were incurring expenses such as mileage in driving their vehicle to and from
18 | job sites as well as the requirement that they purchase their own equipment to perform
19 | the cabling services that Defendant employed them to perform.  Defendants knew that
20 | these business expenses were necessary and were being incurred, yet failed and refused
21 | to reimburse Plaintiffs as required by California Labor Code § 2802.

22 |     24.    At all times relevant to this action, Defendants knowingly and
23 | intentionally failed to compensate Plaintiffs for "reporting time pay" when they showed
24 | up to work on their scheduled work day but were not put to work.  Routinely throughout
25 | the class period Plaintiffs would report to work as scheduled but would be sent home
26 | and would not be compensated.

27 |     25.    On or about July 1, 2008, Plaintiff Cory Rea's employment with
28 | Defendants was terminated.  Despite knowing that Corey Rea was entitled to additional

- 5 -

1  compensation for the work that he performed Defendants willfully failed and refused to

2  compensate him in violation of California Labor Code §§ 201 and 202. Accordingly,

3  Defendants are liable to Corey Rea for waiting time penalties pursuant to Labor Code

4  §203 as described herein.

5      26.    Defendants' above actions were willful and intentional. Thus, Plaintiffs

6  seek to recover unpaid overtime compensation and premium pay, including the

7  applicable interest, restitution, statutory and civil penalties, reasonable attorneys fees,

8  and litigation costs under the FLSA, 29 U.S.C. § 206,207,211(c),216Q), Labor Code §§

9  201-203, 226,226.7, 510, 512 and 1194, IWC Wage Order No. 4-2001, and Business &

10  Professions Code §§ 17200, et seq. Plaintiffs also seek liquidated damages and/or pre-

11  judgment interest. Furthermore, Plaintiffs seek all other related wages, restitution,

12  attorneys fees, costs and statutory and civil penalties to the fullest extent allowable

13  under Business & Professions Code §§ 17200, et seq.

14      27.    At all times relevant herein, the Industrial Welfare Commission ("IWC")

15  Wage Orders, as amended (8 Cal. Code Regs. § 11050), applied to wages, hours, and

16  working conditions of Plaintiffs.

17  ### FIRST CAUSE OF ACTION

18  (For Failure to Pay Overtime in Violation of Federal Law)

19  [FLSA 29 USC § 207,211(c), 216(B)]

20  Against All Defendants

21      28.    Plaintiffs re-allege and incorporate by reference the allegations contained

22  above as though restated here in full.

23      29.    Under the FLSA, 29 U.S.C. § 207, Defendants were and are obligated to

24  compensate Plaintiffs for all hours worked in excess of forty (40) hours in a workweek.

25  Plaintiffs are not subject to any applicable exemptions from the requirement to pay

26  overtime under federal law.

27      30.    At all times relevant to this action, Plaintiffs regularly worked in excess of

28  forty (40) hours per week, but were not paid for such overtime work.

- 6 -

COMPLAINT

31.     By failing to pay overtime compensation due to Plaintiffs, Defendants willingly, knowingly, and/or recklessly violated the provisions of the FLSA, which requires the payment of overtime compensation to nonexempt employees.

32.     As a result of Defendants' policy and practice of withholding overtime compensation, the Plaintiffs have been damaged in that they have not received wages due to them under the FLSA.

33.     Defendants have made it difficult to account for the unpaid overtime wages earned by Plaintiffs at all times relevant to this litigation because they did not make, keep, and preserve the full and actual hours worked by Plaintiffs, as required for nonexempt employees under *29 U.S.C. § 211(c)*.

34.     Defendants' failure to retain accurate records of hours actually worked by Plaintiffs was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to their employees.

35.     As a result of the unlawful acts of the Defendants, Plaintiffs have been deprived of overtime compensation in amounts not yet fully ascertained, but to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, and/or prejudgment interest, attorney fees and costs, and other compensation allowable under *29 U.S.C. § 216(b)* of the FLSA.

## SECOND CAUSE OF ACTION

(For Failure to Pay Overtime in Violation of State Law)

[California Labor Code § 510, 1194

I.W.C. Wage Order Nos. 4-2000, 4-2001]

Against All Defendants

36.     Plaintiffs re-allege and incorporate by reference the allegations contained above as though restated here in full.

37.     Plaintiffs were and are employed during their tenure as a non-exempt production paid laborer.

/ / / /

- 7 -

38.     Plaintiffs regularly worked more than eight (8) hours per day and/or forty (40) hours per week, but did not receive full and proper overtime wages for these hours.

39.     California Labor Code § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that eight (8) hours of labor constitutes a day's work and any work in excess of eight (8) hours in one (1) workday shall be compensated at the rate of no less than one and one-half times the regular rate of pay for each employee.

40.     California Labor Code § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for each employee.

41.     California Labor Code § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that any work in excess of twelve (12) hours in any one workday shall be compensated at the rate of no less than twice the regular rate of pay for each employee.

42.     California Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

43.     Defendants have made it difficult to account for the unpaid overtime wages earned by Plaintiffs' at all times relevant to this litigation because they did not make, keep, and preserve the actual hours worked by Plaintiffs as required for nonexempt employees under Labor Code § 1174(d) and IWC Wage Order No. 4-2001.

44.     Defendants' failure to retain accurate and correct records of hours actually worked by Plaintiffs was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to their employees.

/ / / /

/ / / /

- 8 -

COMPLAINT

45.     As a result of the unlawful acts of the Defendants, Plaintiffs have been deprived of overtime compensation in amounts not yet fully ascertained, but to be determined at trial, and are entitled to recovery of such amounts, together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation under state law.

### THIRD CAUSE OF ACTION

(For Failure to Reimburse Business Expenses in Violation of California Law)

46.     Plaintiffs re-allege and incorporate by reference the allegations contained above as though restated here in full.

47.     Throughout Plaintiffs employment, Defendants required the Plaintiffs to travel to and/or between job sites in their own vehicles, and to purchase equipment and services necessary to complete their job with the company.  Despite knowledge of these expenditures Defendants have consistently failed to reimburse the Plaintiffs for their business expenses.

48.     Thus, Plaintiffs have expenditures and losses which were incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer which have not yet been reimbursed by Defendants.

49.     At all relevant times, Defendants were aware of and were under a duty to comply with various provisions of the California Labor Code §§ 406, 407, and 2802(a).

50.     California Labor Code § 2802(a) provides:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

51.     California Labor Code § 406 provides:

Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is

COMPLAINT

subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

52.   By requiring Plaintiffs to incur uncompensated expenses in direct consequence of the discharge of their duties, including but not limited to vehicle mileage, and cable service equipment, Plaintiffs were forced and/or brought to contribute to the capital and expenses of the Defendants' business which is legally a cash bond and which must be refunded by Defendants to them.

53.   California Labor Code § 2802(b) and (c) provides for interest at the statutory post judgment rate of ten percent (10%) simple interest per annum from the date of the expenditure plus attorneys' fees to collect reimbursement.

54.   Therefore, Plaintiffs demand reimbursement for expenditures and losses incurred by them in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer.

## FOURTH CAUSE OF ACTION

(Failure to Pay Wages for Meal and Rest Breaks in Violation of California Law)

[California Labor Code § § 226.7 and 512,

I.W.C. Wage Order Nos. 4-2000, 4-2001]

Against All Defendants

55.   Plaintiffs re-allege and incorporate by reference the allegations contained above as though restated here in full.

56.   Labor Code § 512 and IWC Wage Order 4-2001 state that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee a meal period of not less than 30 minutes, and an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes. Wage Order 4-2001 states that unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and

- 10 -

counted as time worked. Labor Code § 226.7(a) further states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC.

57.     Plaintiffs were not provided with the requisite meal periods within the first 5 hours of work, nor were they provided with a proper second meal period during the days they worked more than 10 hours in a day. Plaintiffs also were required to work and/or were not relieved of all duties during any meal period taken, and thus was considered "on duty;" however, Defendants failed to count as time worked any "on duty" meal period taken by Plaintiffs.

58.     Pursuant to Labor Code § 226.7(b) and IWC Wage Order 4-2001, if an employer fails to provide an employee a meal period in accordance with the applicable provisions of IWC Wage Order 4-2001, the employer shall pay the employee one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided. As such, Plaintiffs are entitled to an additional one hour's pay for each day in which they were not provided a proper meal break under the above-described authorities.

59.     IWC Wage Order 4-2001 states that every employer shall authorize and permit all employees to take rest periods. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours of work.

60.     Plaintiffs were not permitted to take rest breaks at the rate of ten minutes per every four hours of work and/or Plaintiffs were required to work during any rest periods in contravention of the statutory authorities described herein.

61.     Pursuant to Labor Code § 226.7(b) and IWC Wage Order 4-2001 if an employer fails to provide an employee a rest period in accordance with the applicable provisions of IWC Wage Order 4-2001, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

- 11 -

COMPLAINT

62.   As such, Plaintiffs are entitled to an additional one hour's pay for each day in which Plaintiffs were not provided a proper rest period under the above-described authorities.

63.   As a result of the unlawful acts of the Defendants, Plaintiffs have been deprived of compensation in amounts not yet fully ascertained, but to be determined at trial, and is entitled to recovery of such amounts, together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation under state law.

## FIFTH CAUSE OF ACTION

(For Failure to Pay Reporting-Time Pay / "Show-Up Pay" in

Violation of California Law Against All Defendants)

64.   Plaintiffs re-allege and incorporate by reference the allegations contained above as though restated here in full.

65.   California law requires an employer to pay an employee for the greater of half his/her usual or scheduled work day (up to four (4) hours) or two (2) hours, whichever is greater, at the regular rate of pay, whenever the employee reports to work on his/her scheduled work day but is not put to work.

66.   Plaintiffs have been denied pay for reporting to work on their scheduled days when Defendants decided not to send them to cable installations because of issues outside of the employees' control.  Defendants would not pay them "Show-Up Pay" required by California law.  Plaintiffs showed up for work and were sent home without being put to work yet was denied this "Show-Up Pay" required by California law.

67.   As a result of the acts of the Defendants, Plaintiffs have been deprived of "Show-Up Pay" in an amount to be determined at trial, and is entitled to recovery of such amounts and any related penalties, interest, and attorneys' fees and costs as specified herein.

////

////

////

- 12 -

## SIXTH CAUSE OF ACTION

(For Failure to Pay Compensation at Time of Termination and/or Resignation in

Violation of California Labor Code §§ 201-203

Against All Defendants by Plaintiff Cory Rea)

68.     Plaintiffs re-allege and incorporate by reference the allegations contained above as though restated here in full.

69.     California Labor Code §201 requires an employer who discharges an employee to pay compensation due and owing said employee immediately upon discharge.   California Labor Code §202 requires an employer to promptly pay compensation due and owing to an employee within 72 hours of that employee's termination of employment by resignation.   California Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required pursuant to California Labor Code §201 and §202 respectively, said employer is liable to said employee for waiting time penalties as described therein.

70.     Defendants have willfully failed and refused, and continue to fail and refuse, to timely pay compensation and wages to Plaintiff, Cory Rea, including unpaid overtime pay, premium pay, reimbursement of business expenses, and "Show-Up Pay", even though Plaintiff Cory Rea's employment terminated, as required by Labor Code §§ 201-202.

71.     Defendants' failure to timely pay overtime compensation and wages to Plaintiff Cory Rea at the time of termination of employment is willful.  Defendants have willfully failed and refused and continue to willfully fail to pay compensation owed (including unpaid overtime, premium pay, reimbursement of business expenses, and "Show-Up Pay") in a prompt manner to Plaintiff Cory Rea whose employment terminated as is required under California Labor Code §§201-203.   As a result, Defendants are liable to Plaintiff Cory Rea for waiting time penalties under California

- 13 -

1  Labor Code §203 in an amount to be ascertained at trial, together with prejudgment
2  interest.

### SEVENTH CAUSE OF ACTION

(Failure to Provide Accurate Wage Statements)

[California Labor Code § 226(a)]

Against all Defendants

7      71.    Plaintiffs re-allege and incorporate by reference the allegations contained
8  above as though restated here in full.

9      72.    Labor Code § 226 requires employers to provide its employees an accurate
10  written itemized statement showing, among other things, gross wages earned, the total
11  hours worked by the employee, all deductions, net wages earned, all applicable hourly
12  rates in effect during the pay period and the corresponding number of hours worked at
13  each hourly rate by the employee.

14      73.    Defendants failed to properly maintain adequate itemized statements of
15  Plaintiffs' work and labor as required by law. Plaintiffs are informed and believe that
16  said failure was knowing and intentional by Defendants as Defendants sought to deprive
17  Plaintiffs of their legitimate right to unpaid wages and/or commissions, and otherwise
18  deprive Plaintiffs of overtime compensation.

19      74.    As a result of Defendants intentional and knowing failure to maintain
20  adequate itemized statements, Plaintiffs could not ascertain the actual amount of
21  compensation they earned and/or was entitled to, and thereby suffered damages in the
22  form of the accrual of unpaid wages, commissions, overtime, and interest.

23      75.    Pursuant to California Labor Code § 226(e), an employee who suffers
24  injury as a result of an employer's knowing and intentional failure to comply with
25  subdivision (a), is entitled to recover the greater of all actual damages or fifty dollars
26  ($50) for the initial pay period in which a violation occurs and one hundred dollars
27  ($100) per employee for each violation in a subsequent pay period, not exceeding an

28

- 14 -

1  aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs

2  and reasonable attorney's fees.

3      76.    Pursuant to California Labor Code § 226(g), an employee may also bring

4  an action for injunctive relief to ensure compliance with this section, and is entitled to

5  an award of costs and reasonable attorney's fees. As such, Plaintiffs are entitled to

6  penalties recoverable from Defendants as described herein, as well as reasonable costs

7  and attorneys fees.

8  **EIGHTH CAUSE OF ACTION**

9  (For Unfair Business Practices in Violation of California *Business and*

10  *Professions Code* §17200 *et seq.* Against All Defendants)

11      77.    Plaintiffs re-allege and incorporate by reference the allegations contained

12  above as though restated here in full.

13      78.    Plaintiffs bring this cause of action in a representative capacity on behalf

14  of the general public and the persons affected by the unlawful and unfair conduct

15  described herein.

16      79.    The above-referenced actions by the Defendants, including, but not

17  limited to, the failure to pay Plaintiffs overtime compensation, wages for meal and rest

18  breaks that were not provided, or reimbursement for business expenses incurred

19  constitute unlawful conduct and violations of law.   These actions also constitute unfair

20  business practices.  As such, Defendants' conduct amounts to unfair business practices

21  in violation of Business and Professions Code § 17200, et seq.

22      80.    Plaintiffs are informed and believe that Defendants continue their

23  unlawful and unfair conduct as described herein.  As a result of this conduct, Defendants

24  have unlawfully and unfairly obtained monies due to Plaintiffs.

25      81.    All impacted individuals can be identified by reference to records in the

26  Defendants' custody, control and possession.

27  / / / /

28  / / / /

- 15 -

COMPLAINT

82.     Plaintiffs are entitled to restitution of all monies due to them, as well as disgorgement of the ill-gotten gains obtained by the Defendants as a result of their unlawful and unfair conduct during the Class Period.

83.     Plaintiffs are entitled to attorneys' fees and costs for promoting the interest of the members of the general public in causing the Defendants to cease their unfair business practices, according to proof.

## **PRAYER**

WHEREFORE, Plaintiffs request that judgment be entered against Defendants and that they be provided with the following relief:

1.   An award to Plaintiffs for damages in the amount of unpaid overtime wages under the FLSA, including liquidated damages and/or pre judgment interest subject to proof at the time of trial;

2.   Declaratory Relief;

3.   An award to Plaintiffs of damages in the amount of unpaid overtime compensation and wages under California law, including all applicable interest subject to proof at trial;

4.   An award to Plaintiffs of damages for unpaid "show-up" pay under California law;

5.   An award to Plaintiffs of one hour of compensation for each day they did not receive proper meal breaks under *Labor Code* §§ 226.7 and 512 and IWC Wage Order No. 4-2001;

6.   An award to Plaintiffs of one hour of compensation for each day they did not receive proper rest breaks under *Labor Code* §§ 226.7 and IWC Wage Order No. 4-2001;

7.   An award to Plaintiffs of the greater of all actual damages or the statutory penalties provided in *Labor Code* § 226(e) subject to proof at the time of trial;

////

- 16 -

COMPLAINT

8. An award of Plaintiffs' business expenses plus interest pursuant to *Labor Code §2802*;

9. An award to Plaintiff Cory Rea for waiting time penalties provided in *Labor Code § 203*;

10. An award to Plaintiffs of liquidated damages in an amount equal to the overtime compensation and unpaid meal and rest break period wages shown to have been denied to Plaintiffs under *29 U.S.C. § 216(b)* and liquidated damages in an equal amount or, if liquidated damages are not awarded, then in the alternative, pre judgment interest;

11. An award to Plaintiffs of reasonable attorneys' fees and legal costs under *29 U.S.C. § 216(b)*, *Labor* Code §§ 226(e), 1194, Cal. *Civil Code §* 1021.5, and/or any other applicable law;

12. An award to Plaintiffs of all civil penalties authorized under *Labor* Code §§ 203, 226, 226.7;

13. An award to Plaintiffs of pre and post judgment interest; and

14. An award of such other and further relief as this Court may deem just and appropriate.

**JURY DEMAND**

Plaintiffs hereby demands trial by jury on all issues triable of right by jury.

DATED: January 20, 2009        **R. REX PARRIS LAW FIRM**

By: _____
Jason P. Fowler, Esq.
Attorney for Plaintiffs

- 17 -

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV09- 456 GHK (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Richard Cellar, Esq. [pro hac vice applicant]
MORGAN & MORGAN
7450 Griffin Road, Suite 230
Davie, Florida 33314
(866) 344-9243 / Fax: (954) 333-3515
(See Attached for Additional Counsel)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY REA and ANTHONY RIOS,<br><br>PLAINTIFF(S)<br><br>v.<br><br>PERLEY CABLE CONSTRUCTION OF CALIFORNIA, INC., a California Corporation, (See Attached for Additional Defendants)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09-0456 GHK (JCx)**<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):  Perley Cable Construction of California, Inc., James Perley, and Does 1 through 10

   A lawsuit has been filed against you.

   Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _R. Rex Parris Law Firm_____, whose address is _42220 10th Street West, Suite 109, Lancaster, California 93534_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____**JAN 2 1 2009**_____   By: _____**NATALIE LONGORIA**_____

Deputy Clerk

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

1198

**COPY**

| PETITIONER/PLAINTIFF: | Cory Rea, et al. | CASE NUMBER: |
|---|---|---|
| RESPONDENT/DEFENDANT: | Perley Cable Construction of California, Inc., et al. | |

## ATTACHMENT TO SUMMONS

**Additional Plaintiffs' Counsel:**

Jason P. Fowler, Esq. (SBN: 239426)
Alexander R. Wheeler, Esq. (SBN: 239541)
R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109
Lancaster, California 93534
(661) 949-2595  / Fax: (661) 949-7524

**Additional Defendants:**

JAMES PERLEY, individually, and defendant DOES 1 through 10, inclusive,

Legal
Solutions
Plus

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>CORY REA and ANTHONY RIOS | DEFENDANTS<br>PERLEY CABLE CONSTRUCTION OF CALIFORNIA, INC., a California Corporation, JAMES PERLEY, individually, and defendant DOES 1 through 10, inclusive, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>R. REX PARRIS LAW FIRM, 42220 10th Street West, Suite 109, Lancaster, CA 93534, (661) 949-2595 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ To Be Determined At Trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Failure to pay all wages owed pursuant to the Fair Labor Standards Act, 29 U.S.C. Sections 203 et seq. and California Labor Code

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: **CV09-0456**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State of Illinois |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date January 20, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |